## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

PETER BONAHOOM, individually and on )
behalf of a class of similarly situated individuals, )
)
         *Plaintiff*, )
)
         v. )     No. 1:20-cv-01942
)
STAPLES INC. a Delaware Corporation, )
)
         *Defendant*. )

## CLASS ACTION COMPLAINT

Plaintiff Peter Bonahoom brings this Class Action Complaint and Demand for Jury Trial against Staples, Inc. ("Defendant" or "Staples") on his own behalf, and on behalf a Class of individuals who purchased Defendant's "Power Bank" brand of portable chargers ("Power Bank") to seek redress for Defendant's false, misleading, and deceptive advertising of its Power Bank products. On behalf of himself and the proposed class of individuals who purchased Defendant's Power Bank products, Plaintiff seeks damages, restitution and injunctive relief against Defendant for selling a product that did not function as advertised. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.    Defendant manufactures, sells and advertises its Power Bank products, which are handheld battery devices designed to provide charging for portable electronics such as phones and tablets without being plugged into a traditional wall outlet.

2.     Each of Defendant's Power Bank products have a specified "battery capacity" which is advertised directly on the product packaging and on Defendant's website. A Power Bank's battery capacity represents the maximum amount of energy that it can provide from its internal battery under certain specified conditions. Accordingly, consumers use this battery capacity to determine which Power Bank product to purchase for their personal charging needs.

3.     The specified amount of energy is normally measured in Milliamps Per Hour ("mAh"). Defendant claims that its line of Power Bank products range in battery capacity from 2,200 mAh to 20,000 mAh.[1] However, in truth, the battery capacities of Defendant's Power Bank Products' are less than what Defendant advertises them to be.

4.     Specifically, Staples' Power Bank products, when charged from empty to full capacity, only deliver an average of just up to 70% of Defendant's advertised battery capacity. Accordingly, a consumer who purchased a Staples Power Bank on the belief that the Power Bank had a capacity of 5,000 mAh, in fact purchased a Power Bank with a significantly lesser capacity of around 3,400 mAh.

5.     Plaintiff, like other consumers nationwide, purchased Defendant's Power Bank products based on its false claims regarding their battery capacities and paid for a product that did not function as advertised and warranted by Defendant.

6.     Plaintiff brings this action on behalf of himself and other similarly situated consumers to obtain redress for those who purchased the falsely advertised Power Bank products from Defendant.

---

[1] Defendant's Power Bank line has multiple portable charger units, with varying prices in correlation to the Power Banks battery capacities of 2,200 mAh, 5,000 mAh, 10,000 mAh, and up to 20,000 mAh.

## PARTIES

7.     Plaintiff Peter Bonahoom is a natural person and a citizen of Illinois.

8.     Defendant Staples Inc. is a privately held company, incorporated in Delaware, and headquartered in the state of Massachusetts. Defendant has stores located all across North America, including in Illinois, and distributes, advertises, and sells its Power Bank products, and other similar such products, to thousands of consumers in Illinois and elsewhere across the nation in retail stores and through its own website.

## JURISDICTION AND VENUE

9.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and (d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

10.      This Court has personal jurisdiction over Defendant because Defendant transacts business in Illinois and because a substantial part of the events giving rise to Plaintiff's claim occurred in Illinois, as Defendant advertised its Power Bank products to Plaintiff in Illinois, and Plaintiff purchased one of Defendant's Power Bank product in Illinois.

11.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, as Defendant advertised its Power Bank products to Plaintiff in this District, and Plaintiff purchased the Power Bank product at issue in this District.

## COMMON FACTUAL ALLEGATIONS

12.     As cellular telephones and other personal electronics have become ubiquitous in everyday life, consumers have expressed an ever-growing need for convenient, compact, and portable chargers that they can use to recharge their devices when they do not have access to a traditional wall-outlet charger.

13.     Responding to this demand and seeking to capitalize on it, Defendant created its "Power Bank" brand of portable chargers to advertise and sell to consumers throughout the country. Defendant sells its Power Bank portable chargers in its over 1,200 store locations, online through its store website, and a variety of third-party retailers including Amazon.com.

14.     Defendant's Power Bank products, like almost all other portable chargers on the market, advertise their battery capacity as a measurement in mAh (Milliamps Per Hour), so as to inform consumers about the maximum amount of energy any particular Power Bank portable battery can retain and deliver to their device.

15.     Almost all portable consumer electronic devices also have a disclosed battery capacity that is similarly measured in mAh. As such, when consumers are shopping for a portable battery charger such as Defendant's Power Bank they specifically rely on the advertised mAh battery capacity so that they can determine whether any particular portable charger will be able to meet their energy needs given their own devices' mAh capacity.

16.     This is precisely why Defendant prominently features the mAh capacity for its Power Bank portable chargers on their product labeling for consumers who purchase them in-store, and displays them prominently on Defendant's website for any consumers who purchase them through Defendant's online store. Indeed, the mAh capacity of Defendant's Power Bank portable

chargers is the main defining characteristic that differentiates each of Defendant's Power Bank products from one another

17.     Defendant's line of Power Bank products range in price from approximately $10.00 to $30.00, with the prices directly correlated to the advertised battery capacity. Defendant's least expensive Power Bank is advertised as having a capacity of 2,200 mAh, with the most expensive Power Bank advertised with a capacity of 20,000 mAh.

18.      However, Defendant's claims regarding the battery capacity of its Power Bank products have proven to be false. While Defendant advertises that its Power Bank products are able to provide a specific amount of charge, repeated testing of Defendant's Power Bank products has revealed that the battery capacity of the Power Banks was significantly less than advertised, and only capable of delivering on average, 30% less charge than advertised. These test results were consistently achieved across Defendant's line of Power Bank products, including even after several cycles of fully charging and discharging them.

19.     Defendant's advertised battery capacities are thus false and misleading. Specifically, for example, a consumer who purchased one of Defendant's Power Bank products with a claimed capacity of 10,000 mAh, would only be able to use at most 7,000 mAh of the claimed 10,000 mAh to charge their device.

20.     Defendant is the entity that manufactures, sells, and advertises its Power Bank products and possesses specialized knowledge regarding the construction and functionality of its products. Defendant is thus in a superior position to know about the actual battery capacity of its Power Bank products. As such, Defendant knew or should have known that its Power Bank products were not capable of delivering the amount of energy specifically advertised on its product packaging.

5

21.    However, Defendant has failed to at any point correct its advertising and product disclosures regarding the battery capacity of its Power Bank products and has at all relevant times continued to disclose misleading information to consumers regarding the amount of charge that its Power Bank products can provide.

22.    Plaintiff, as well as other consumers nationwide, reasonably relied on Defendant's falsely advertised battery capacity when they purchased Defendant's Power Bank products, as the stated battery capacity is the main factor for determining both whether a particular portable charger will meet a consumer's charging needs and if any particular portable charger is fairly priced given its advertised capacity.

23.    Plaintiff, as well as other consumers nationwide who purchased Defendant's Power Bank products would not have purchased them or would have paid materially less for them had they known that the advertised battery capacities were not accurate, and have suffered damages as a result of Defendant's misconduct.

### FACTS SPECIFIC TO PLAINTIFF

24.    In August 2018 Plaintiff visited one of Defendant's retail store locations in Chicago, Illinois seeking to purchase a portable charger that had sufficient battery capacity to keep his cell phone charged for a full day and was sold at a reasonable price.

25.     At the store, Plaintiff saw the packaging for "Staples Slim Power Bank 5,000 mAh" portable charger that advertised a charging capacity of 5,000 mAh and was on sale for $9.99, excluding tax. Importantly, in addition to specifically stating that the Power Bank product had a capacity of 5,000 mAh, Defendant's packaging also specifically advertised that it had "Up to 2x Charges".

6

26.     Based on Defendant's representations regarding the products ability to provide 5,000 mAh in charging power to his cell phone, and finding that the price was reasonable for the stated charging capacity, Plaintiff purchased the product.

27.     After purchasing his 5,000 mAh Power Bank product, Plaintiff followed the provided instructions and fully discharged the pre-charged Power Bank and then fully recharged it.

28.     However, once Plaintiff began using his Power Bank, Plaintiff found that it failed to provide adequate charging for his cell phone, and fell far short of being able to charge his cell phone "2x".

29.     Indeed, testing of Plaintiff's Power Bank product revealed that, on average, his Power Bank only delivered about 3,400 mAh of its claimed 5,000 mAh battery charge—just 70% of the charge that Defendant advertised the product could deliver.

30.     Further testing of Defendant's other Power Bank products of various capacities showed that they too fell far short of the advertised charge amounts, on average providing approximately no more than 70% of the claimed mAh charge.

31.     Plaintiff and the other members of the Class were deceived and misled by Defendant's claims regarding the capacity of its Power Bank products. These claims were a material factor that influenced Plaintiff's and the other members of the Class' decision to purchase Defendant's Power Bank products and Plaintiff and the other members of the Class would not have purchased such products had they known that Defendant's claims regarding the charging capacity of its Power Bank products were false.

32.     As a result, Plaintiff and the other members of the Class have been damaged by their purchases of Defendant's Power Bank products and have been deceived into purchasing a

product that they believed would be capable of delivering the specific amount of energy claimed on the product packaging and advertising when in fact, it could not do.

33.     Defendant has received significant profits from the false marketing and sale of its Power Bank products.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and a Class and Subclass, defined as follows:

(i)     The Class: All persons in the United States who purchased any of Defendant's Power Bank products within the applicable statute of limitations at any of its retail stores located in the United States.

(ii)    The Illinois Subclass: All persons in the United States who, within three years prior to the commencement of this action, purchased any of Defendant's Power Bank products at any of its retail stores located in Illinois.

35.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class and Subclass. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class and Subclass.

36.     Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitive and would have no effective remedy. Unless the Class and Subclass is certified, Defendant will retain the monies it received from the members of the Class and Subclass as a result of its unfair and deceptive conduct.

37.     The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

38.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class and Subclass, requiring the Court' imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass, and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

39.     Plaintiff's claims are typical of the claims of the other members of the Class and Subclass as Plaintiff and the other members of the Class and Subclass have all suffered harm and damages as a result of Defendant's unlawful and wrongful practice of falsely advertising the charging capacity of its Power Bank products.

40.     There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class and Subclass, and those questions predominate over any questions that may affect individual members of the Class and Subclass. Common questions for the Class and Subclass include, but are not limited to, the following:

(a)     Whether Defendant advertised and/or warranted that its Power Bank products were capable of providing a specified amount of charging power as measured in mAh;

(b)     Whether Defendant's Power Bank products provided the advertised amount of charging power;

(d)     Whether Defendant's advertising of its Power Bank products was false or misleading;

(e)     Whether Defendant's conduct violates public policy;

(f)     Whether Defendant's conduct violated the Illinois Consumer Fraud Act and other such similar statutes;

(g)    Whether as a result of Defendant's misrepresentations of material facts related to its Power Bank products, Plaintiff and the other members of the Class and Subclass have suffered ascertainable monetary losses;

(h)    Whether Plaintiff and the other members of the Class and Subclass are entitled to monetary and/or restitutionary and/or injunctive relief or other remedies, and, if so, the nature of such remedies.

### COUNT I
### For Violations of Consumer Protection Laws
### (on behalf of the Class and the Subclass)

41.    Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

42.    The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq.* ("ICFA"), as well as other materially identical consumer fraud statutes enacted by states throughout the country, prohibit deceptive acts and practices in the sale of products such as Defendant's Power Bank products.

43.    Plaintiff and the other members of the Class and Subclass are "consumers" or "persons," as defined under the ICFA and other states' consumer protection laws.

44.    Defendant's conduct as alleged herein occurred in the course of trade or commerce.

45.    Defendant's actions in affirmatively representing that its Power Bank products can provide a specific charge amount when the products sold were in fact only capable of delivering a significantly lower charge amount offends public policy, has caused and continues to cause substantial injury to consumers, and constitutes an unfair and deceptive trade practice.

46.    Upon information and belief, and given the fact that Defendant manufactures its Power Bank products and creates the product labeling and advertising featured on them, Defendant knew or should have known at all relevant times that its Power Bank products were not capable of

delivering the amount of charging energy represented and advertised, but Defendant nonetheless continued to advertise and sell its Power Bank products using such false representations.

47.     Defendant intended for consumers to rely on its representations regarding the charging capabilities of its Power Bank products when choosing to purchase its Power Bank products. Portable chargers such as Defendant's Power Bank products are specifically marketed and sold based on representations about their charging capabilities, and consumers rely on such representations to make an informed decision as to whether the portable charging product they are purchasing meets their charging needs.

48.     Plaintiff and the other members of the Class and Subclass did reasonably rely on Defendant's misrepresentations in choosing to purchase its Power Bank products and would not have purchased the Power Bank products they bought, or would have paid materially less for them, had Defendant not made the false and deceptive claims regarding the amount of charging energy they are able to deliver.

49.     As a direct and proximate cause of Defendant's deceptive and unfair trade practices, Plaintiff and the other members of the Class and Subclass suffered actual damages, including monetary losses for the purchase price of Defendant's Power Bank products which did not have the same charging capacity as advertised.

50.     Defendant's conduct is in violation of the ICFA and other states' consumer protection laws, and pursuant to 815 ILCS 505/10a and other such states' consumer protection laws, Plaintiff and the other members of the Class and Subclass are entitled to damages in an amount to be proven at trial, reasonable attorney's fees, injunctive relief prohibiting Defendant's unfair and deceptive advertising going forward, and any other penalties or awards that may be appropriate under applicable law.

## COUNT II
### Breach of Express Warranty
### (on behalf of the Class and Subclass)

51.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

52.     Through its product labeling and advertising, including specifically that the Power Bank purchased by Plaintiff was capable of delivering 5,000 mAh of charging energy, Defendant expressly warranted to Plaintiff and the other members of the Class its Power Bank products were capable of delivering a specific charge amount.

53.     These affirmations of fact and promises regarding its Power Bank products' charging capabilities were part of the basis of the bargain between Defendant and Plaintiff and the other members of the Class. Plaintiff and the other members of the Class would not have purchased Defendant's Power Bank products, or would have paid materially less for them, had they known that these affirmations and promises were false.

54.     Defendant breached the express warranties it represented about its Power Bank products and their qualities because, as set forth above, the Power Bank products purchased by Plaintiff and the other members of the Class do not actually have the ability to deliver the same charge amount as warranted by Defendant.

55.     As a direct and proximate result of Defendant's breach of its express warranties, Plaintiff and the members of the Class have been damaged in an amount to be determined at trial.

## COUNT III
## Violation of the Magnusson-Moss Warranty Act
### (on behalf of the Class and Subclass)

56.     Plaintiff hereby incorporates the above allegations by reference as though fully set forth herein.

57.     Plaintiff and the other members of the Class are consumers as defined in 15 U.S.C. § 2301(3).

58.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4)–(5).

59.     Defendant's Power Bank products are a consumer product as defined in 15 U.S.C. § 2301(1).

60.     The Magnusson-Moss Warranty Act allows consumers to pursue a civil action against sellers of consumer products for failure to comply with any written warranties represented about the product sold.

61.     Defendant's advertising and representations on its product packaging that its Power Bank products have a specific charge amount that they are able to deliver, including specifically that the Power Bank purchased by Plaintiff was capable of delivering 5,000 mAh of charging energy, constitutes a written warranty.

62.     Defendant breached the written warranties it represented regarding its Power Bank products and their qualities because Defendant's Power Bank products do not conform to Defendant's affirmations and promises described above, as they do not deliver the advertised amount of energy specified by Defendant.

63.     Defendant manufactures, sells, and markets its Power Bank products and therefore knew or should have known that its Power Bank products did not possess the qualities it represented in its written warranties.

13

64.    Plaintiff and the other members of the Class would not have purchased Defendant's Power Bank products had they known that the products did not possess the qualities represented in Defendant's written warranties.

65.    As a direct and proximate result of Defendant's breach of its written warranties, Plaintiff and the other members of the Class have been damaged in an amount to be determined at trial.

**COUNT IV**
**Unjust Enrichment**
**(on behalf of the Class and Subclass)**

66.    Plaintiff hereby incorporates the allegations set forth in Paragraphs 1–40 above.

67.    Plaintiff and the other members of the Class conferred a benefit on Defendant by purchasing its Power Bank products.

68.    It is inequitable and unjust for Defendant to retain the revenues obtained from Plaintiff's and the other Class members' purchases of Defendant's Power Bank products because Defendant misrepresented the charging capabilities of its Power Bank products' and Plaintiff and the other members of the Class would not have purchased Defendant's Power Bank products had Defendant not made these misrepresentations.

69.    Accordingly, because Defendant will be unjustly enriched if it is allowed to retain such funds, Defendant must pay restitution to Plaintiff and the other Class members in the amount which Defendant was unjustly enriched by each of their purchases of Defendant's Power Bank products.

WHEREFORE, Plaintiff, on behalf of himself and the Class and Subclass, prays for the following relief:

1.    An order certifying the Class and Subclass as defined above;

2.    An award of actual or compensatory damages, or, in the alternative, disgorgement of all funds unjustly retained by Defendant as a result of its unfair and deceptive sales practices;

3.    An award of reasonable attorney's fees and costs; and

4.    Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: March 23, 2020

PETER BONAHOOM, individually and on behalf of a class of similarly situated individuals

/s/ Eugene Y. Turin
One of Plaintiff's Attorneys

Eugene Y. Turin
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com

*Attorneys for Plaintiff and the putative Class*

15