IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER BONAHOOM, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES, INC.,<br><br>Defendant. | Case No. 20-cv-1942<br><br>Judge Mary M. Rowland |

## MEMORANDUM OPINION AND ORDER

Plaintiff Peter Bonahoom ("Bonahoom") brings this putative class action against Defendant Staples, Inc. ("Staples") on behalf of himself and all similarly situated individuals, in Illinois and across the country, who purchased Defendant's "Power Bank" portable charges. Bonahoom alleges that Staples advertised Power Bank charges in a false, misleading, and deceptive manner, and that the chargers do not function as advertised. Count I alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 502/1 *et seq.* ("ICFA") and "materially identical" consumer fraud statutes in all fifty states. Count II alleges breach of express warranties. Count III alleges violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ("§ 2301"). Count IV alleges unjust enrichment. Staples has moved to dismiss all counts for failure to state a claim pursuant to Rule 12(b)(6), and to dismiss certain claims for lack of standing pursuant to Rule 12(b)(1).

1

(Dkt. 17). For the reasons stated herein, this motion is granted in part and denied in part.

## BACKGROUND

The following factual allegations are taken from the Complaint, (Dkt. 1), and are accepted as true for purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Power Bank chargers are portable, rechargeable, external batteries used to charge the internal batteries of small electronic devices such as cell phones and tablets when wall outlets are not available. Staples manufactures, advertises, and sells these chargers.[1] They come in various battery capacities, which are measured in Milliamps Per Hour ("mAh"). Staples sells models with advertised capacities of 2,200 mAh, 5,000 mAh, 10,000 mAh, and 20,000 mAh. Bonahoom asserts that Power Bank chargers deliver only about 70% of that advertised capacity.

Bonahoom himself purchased a Power Bank charger from a Staples retail store in Chicago in August of 2018 for $9.99 plus tax. His charger had an advertised capacity of 5,000 mAh and claimed that it produced "Up to 2x Charges." Bonahoom found that it did not work as advertised, delivering only 3,400 mAh. He also found that it was not capable of refilling his cell phone's battery two times or "2x." After testing other Power Bank models Bonahoom concluded that this was a widespread problem.

---

[1] Staples disputes the allegation that it manufactures these chargers, but for purposes of this motion to dismiss the Court accepts Bonahoom's allegation as true.

## LEGAL STANDARDS

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted). Allegations of fraud are subject to the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007).

When a defendant brings a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "the plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citations omitted). Standing is an essential component of the Article III case-or-controversy

requirement. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). As such, standing will dictate "whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Perry v. Vill. of Arlington Heights,* 186 F.3d 826, 829 (7th Cir.1999). The "irreducible constitutional minimum of standing contains three elements" which include: injury in fact, a causal connection between the injury and the defendant's conduct, that is "redress[able] by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

## ANALYSIS

Staples first argues that the Complaint should be dismissed, in part, pursuant to Rule 12(b)(1) because Bonahoom does not have standing to assert claims that rely on the laws of states outside of Illinois and products that he did not purchase. (Dkt. 17, ¶ 3). Staples next argues that Bonahoom's Complaint should be dismissed pursuant to Rule 12(b)(6) because he has failed to adequately plead the elements of his claims. (Dkt. 17, ¶ 2). These arguments are discussed in turn below.

**I. Standing**

To establish Article III standing, Bonahoom must show that he has suffered a concrete and particularized injury that is both traceable to defendant's conduct and likely to be redressed by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. at 560. Both of the arguments presented by Staples address the injury requirement.

   **A. State Consumer Protection Claims**

Bonahoom seeks to represent a nationwide class of consumers who purchased Power Bank charges, including a subclass of Illinois residents who purchased these

4

chargers. Count I of the Complaint alleges that Staples violated the ICFA "as well as other materially identical consumer fraud statutes enacted by states throughout the country." (Dkt. 1, ¶ 42). Staples argues that Bonahoom's Complaint should be dismissed to the extent that he seeks to represent a nationwide class of plaintiffs, because he was only injured by the violation of Illinois consumer protection laws and therefore only has standing to represent the claims of Illinois consumers. Bonahoom responds that he has not personally "alleged any claims under other states [*sic*] laws" but is seeking to represent a nationwide class of consumers who purchased this product. (Dkt. 25 at 1–2). He asserts that this Court, like others, should consider this issue when it is presented at the class certification stage.

The Defendant's rely on *In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, where the court held that [i]f a class action complaint "do[es] not allege personal injury in any other state" a plaintiff "fail[s] to satisfy their burden of showing Article III standing for states in which they do not reside and/or did not purchase the products at issue." No. 09 CV 3690, 2013 WL 4506000, at *8 (N.D. Ill. Aug. 23, 2013). However, *In re Dairy Farmers* acknowledges that the Supreme Court has indicated courts may consider class certification issues before Article III standing issues if the former are the "logical antecedent" to the latter. *Id.* (citing *Ortiz v. Fireboard Corp.*, 527 U.S. 815, 831 (1999)). Other courts have been unwilling to dismiss putative class actions asserting consumer protection claims based on lack of standing before applying the analysis required by Rule 23. *See, e.g., Burton v. Hodgson Mill, Inc.*, No. 16 CV 1081, 2017 WL 1282882, at *2 (S.D. Ill. Apr. 6, 2017) (rejecting defendant's

5

argument that plaintiff "lacks standing to bring any [state consumer protection law] claims related to goods purchased outside of Illinois" and holding that "resolution of [the standing] issue is premature, and will be better addressed at the class certification phase."); *see also Kostovetsky v. Ambit Energy Holdings, LLC*, No. 15 CV 2553, 2016 WL 105980, at *8 (N.D. Ill. Jan. 8, 2016) (refusing to dismiss a putative nationwide class action on standing grounds before the class certification stage, and holding that although the named plaintiff was an Illinois resident the unjust enrichment laws of other states could be applied to the claims of class members if class certification was later deemed appropriate).

In *Alea v. Wilson Sporting Goods,* defendants argued that the named plaintiff lacked standing to bring claims under the consumer protection laws of any state besides his own. No. 17 CV 498, 2017 WL 5152344, at *7 (N.D. Ill. Nov. 7, 2017). The *Alea* court held that the plaintiff's "injury," for standing purposes, is "the purchase of a defective product" not the violation of a particular state's consumer protection laws. *Id*. at *6. Whether that plaintiff would have a *viable claim* under the consumer protection laws is a question that goes to the merits, not to standing. *Id.* (citing *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) for the proposition that a "plaintiff's reliance upon inapplicable law is a good reason to dismiss a claim under Rule 12(b)(6) on the merits, but not to dismiss for lack of standing."). Because they share the same injury, the *Alea* court determined the named plaintiff had standing to assert state law claims on behalf of the nationwide class.

6

This Court agrees with the *Alea* court and finds that Bonahoom has standing for purposes of Count I. Questions concerning Rule 23 requirements are best left for another day.

### B. Other Power Bank Charger Models

Staples next argues that Bonahoom lacks standing to assert claims made on behalf of consumers who purchased 2,200 mAh, 10,000 mAh, or 20,000 mAh Power Bank chargers because he only purchased the 5,000 mAh model. Courts have held that plaintiffs cannot show an injury in fact if they "did not purchase th[e] product" in question. *Pearson v. Target Corp.*, No. 11 CV 7972, 2012 WL 7761986, at *1 (N.D. Ill. Nov. 9, 2012) (named plaintiff suing the manufacturer of two dietary supplements with different ingredients and different advertisements on their packaging only had standing to represent a class of consumers who had bought the same supplement he had); *see also Benson v. Fannie May Confections Brands, Inc.*, No. 17 CV 3519, 2018 WL 1087639, at *6 (N.D. Ill. Feb. 28, 2018) (no standing where the kinds of candies purchased by plaintiff were "not similar enough" to candies purchased by other putative class members, since candies produced by the defendant came in "various boxes [with] different levels of [filling]" that are "all different sizes and shapes"). That said, courts have held that "a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Carrol v. S.C. Johnsons & Son, Inc.*, No. 17 CV 05828, 2018 WL 1695421, at *4 (N.D. Ill. Mar. 29, 2018) (plaintiff had standing to sue on behalf of class members who had purchased

sunscreen spray even though he had only purchased sunscreen lotion because both had the same ingredients and both promised to provide 50+ SPF); *see also Wagner v. Gen. Nutrition Corp.*, No. 16 CV 10961, 2017 WL 3070772, at *5 (N.D. Ill. July 19, 2017) (plaintiff had standing to sue on behalf of class members who had purchased dietary supplements in doses he had never purchased and in chewable tablets as opposed to powder form because they contained the same key ingredient and made the same allegedly false claims about health benefits).

The Complaint alleges that the chargers' capacities are "the main defining characteristic that differentiates each of [the Staples] Power Bank products from one another." (Dkt. 1, ¶ 16). Staples does not dispute this allegation or argue that the various Power Bank chargers differ in any way except for battery capacity, as measured in mAh. Therefore, Bonahoom has sufficiently alleged that the products themselves are substantially similar.

The closer question is whether the alleged misrepresentations are substantially similar. Bonahoom's Complaint alleges that the charger purchased advertised "2x Charges" on the packaging but does not allege that other models make similar promises. He does, however, allege that every model "across Defendant's line of Power Bank products" advertises its battery capacity in mAh, and that they all fail to live up to that advertisement, delivering only 70% of the advertised power. (Dkt. 1, ¶ 18). Accepting this allegation as true, the packaging of every model contains substantially similar misrepresentations. Therefore, Bonahoom has standing to pursue claims stemming from this alleged misrepresentation.

8

## II. Failure to State a Claim

### A. Count I: ICFA

In order to state a claim under the ICFA Bonahoom must allege "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; [ ] (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce" and (4) that he suffered "actual damage." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). Staples argues that Bonahoom has failed to adequately plead the first and fourth elements of this claim.

### 1. Deceptive Statements

Bonahoom alleges that two advertisements on the packaging of his Power Bank charger were deceptive. First, he asserts that "5,000 mAh" was deceptive, because the charger only had the capacity to store and deliver 3,400 mAh. Second, he asserts that "Up to 2x Charges" of an electronic device was deceptive, because it could not fully charge his cell phone battery two times. The Court evaluates these two allegedly deceptive advertisements separately.

### i. "5,000 mAh"

The critical dispute between Bonahoom and Staples with respect to the "5,000 mAh" advertisement is whether "[a] Power Bank's battery capacity represents the maximum amount of energy that *it can provide* from its internal battery under certain specified conditions," (Dkt. 1, ¶ 2), or whether it represents "the *internal* capacity of the battery." (Dkt. 18, 3). Claiming the Power Bank charger could *deliver*

5,000 mAh would have been deceptive, since it only delivered 3,400 mAh. Claiming the charger could *store* 5,000 mAh (but potentially deliver much less) would not necessarily have been deceptive.[2]

The packaging itself does not specify whether it can deliver 5,000 mAh or merely store 5,000 mAh. (Dkt. 18, Ex. 1). Staples does not address this issue. Staples insists that it included an "express qualification that the number of charges '[v]aries by device' and was '[b]ased on published data for the iPhone® 7'" but this does not resolve the issue. (Dkt. 18, 6) That express qualification applies only to the "2x Charges" advertisement not the "5,000 mAh" advertisement.[3] (Dkt. 18, Ex. 1). A review of the packaging indicates that the qualifying statement corresponds to an asterisk next to the phrase "2x Charges."

Bonahoom argues persuasively that "any ordinary consumer specifically purchased Defendant's products to be able to charge his electronic devices—he did not purchase them to have a portable battery pack with some internal capacity

---

[2] Staples argues that Bonahoom failed to meet the specificity required by Rule 9(b)'s heightened pleading standard for *deceptive* conduct. To fulfill Rule 9(b) requirements, Bonahoom's needed to include "the who, what, when, where, and how." *Padilla v. Costco Wholesale Corp.*, No. 11 CV 7686, 2012 WL 2397012, at *3 (N.D. Ill. June 21, 2012) (citing *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). Staples argues that he failed to explain "how" the advertisements were fraudulent. The Court is not persuaded. *Cf. Padilla v. Costco*, No. 11 CV 7686, 2012 WL 2397012, at *4 (N.D. Ill. June 21, 2012) (failure to plead with requisite Rule 9(b) specificity where plaintiff could not point to *any* specific language on the label that would mislead a customer, instead saying that label resembled the label of another product); *Munch v. Sears, Roebuck and Co.*, No. 06 CV 7023, 2008 WL 4450307, at *6 (N.D. Ill. Sept. 30, 2008) (ICFA claim was dismissed for lack of specificity because the "totality of the [seller's] message" was that their products were "highly dependable" despite being faulty).

[3] The court has considered the packaging attached to the motion to dismiss. The Court considers "documents attached to the complaint[s], documents that are critical to the complaint[s] and referred to in [them], and information that is subject to proper judicial notice," so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (internal quotation marks omitted).

regardless of how much battery charge they actually provided." (Dkt. 25, 1). He asserts that a consumer would not want to store 5,000 mAh if that power could not be made available to charge his or her devices. At this stage the Court need only determine that Bonahoom has made allegations sufficient to show deception. *See Brady v. Anker Innovations Ltd.,* No. 18 CV 11396, 2020 WL 158760, at *9 (S.D.N.Y. Jan. 13, 2020) (allegations that a charger advertised as having a "5200 mAh" capacity actually delivered far less power were sufficient to state causes of action under California consumer protection statutes for fraudulent conduct); *Young v. Mophie, Inc.*, No. 19 CV 827 (C.D. Cal. Oct. 9, 2019) (same); *see also Burton v. Hodgson Mill, Inc.*, No. 16 CV 1081, 2017 WL 1282882, at *6 (S.D. Ill. April 6, 2017); ("the determination of whether or not a reasonable consumer could be misled [by a label reading "All Natural"] is an intricate question of fact that is best informed by a pool of members of the community").

### ii. "Up to 2x"

Bonahoom has failed to allege that the "Up to 2x Charges," advertisement was deceptive, however. First, on its face this advertisement describes the maximum number of times the Power Bank charger can charge a cell phone or tablet—*up to* two times. It did not charge Bonahoom's phone two times, but that does not mean it underperformed.

Second, "Up to 2x Charges" is followed by two qualifications: (1) that the likely number of charges "*[v]aries by device"; and (2) that the likely number of charges are "based on published data for the iPhone 7." Bonahoom argues that 3,400 mAh is not

11

enough power to charge an iPhone 7 twice based on "publicly available information [that] shows that an iPhone 7 takes 1960 mAh to fully charge." (Dkt. 25, 8). Setting aside the fact that this is information not in the Complaint, it does not save his allegations. The advertisement states the Power Bank charger provides "*Up to* 2x Charges." Read alongside the qualifying statement, it promises "*up to* two charges of an iPhone 7." It does not promise two full charges of an iPhone 7. Bonahoom has failed to allege that the phrase "Up to 2x Charges" is deceptive. Any ICFA claims based on this advertisement in Count I are dismissed.

### 2. Unfair Conduct

Next Staples argues that Bonahoom has failed to allege any unfair conduct. Under the ICFA unfair conduct either (i) offends public policy; (ii) is immoral, unethical, or oppressive; or (iii) causes substantial injury to consumers.[4] *See Ware v. Samsung Electronics Americas, Inc.*, No. 18 CV 886, 2020 WL 1322852, at *2 (N.D. Ill. March 20, 2020). All three factors need not be satisfied. "A significant showing that any of the three factors is met is enough; so too are facts that, to a lesser degree, satisfy all three." *Id*. citing *Newman v. Metro. Life Ins. Co.*, 885 F.3d 992, 1002 (7th Cir. 2018) (quotations omitted).

While Bonahoom makes a few conclusory allegations of "unfair" conduct that "offends public policy, [and] has caused and continues to cause substantial injury to

---

[4] Unlike the deceptive conduct, the *unfair* conduct that Bonahoom describes in Count I need not be alleged with particularity pursuant to Rule 9(b), since "neither fraud nor mistake is an element of unfair conduct under Illinois' Consumer Fraud Act." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, Inc., 536 F.3d 663, 670 (7th Cir. 2008).

12

consumers," he also makes numerous detailed factual allegations of false advertising and overcharging consumers. (Dkt. 1, ¶ 45).

False advertising alone is an unfair practice under the ICFA. In *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 647 (7th Cir. 2019), the plaintiff alleged the defendant "misrepresent[ed] [. . .] the quantity of chocolate" in a box and made consumers "believe that they are receiving more chocolate than the actual amount within each box". The Court found this was sufficient to satisfy 'federal notice-pleading standards' of unfair practices." *Id*. The same is true here.[5] Bonahoom has adequately pled an unfair practice.

### 3. Actual Damages

Staples' final argument to defeat Plaintiff's ICFA claim is that Bonahoom failed to plead actual injury by alleging only "his subjective belief that the charger failed to provide 'adequate' charging" and not actual pecuniary loss. This argument is unavailing. Bonahoom alleges that he "suffered actual damages, including monetary losses for the purchase price [$9.99 plus tax] of Defendant's Power Bank products which did not have the same charging capacity as advertised," and that he "would not have purchased them or would have paid materially less for them" had he "known that the advertised battery capacities were not accurate." (Dkt. 1, ¶¶ 49, 23).

---

[5] The cases cited by Staples are inapposite. *See Ware v. Samsung Elecs. Americas, Inc.*, No. 18 CV 00886, 2020 WL 1322852, at *2 (N.D. Ill. Mar. 20, 2020) ("[c]onclusory assertions of [an] industry norm" did not sufficiently allege a violation of public policy, and failure to "stock sufficient replacement parts to service [ ] plasma televisions" was not oppressive); *Boone v. MB Fin. Bank, N.A.*, 375 F.Supp.3d 987, 996 (N.D. Ill. 2019) (dismissing ICFA claim because plaintiff failed to articulate how a bank's overdraft fees were oppressive or violated public policy).

Courts in the Seventh Circuit have held that similar allegations are sufficient to plead actual injury. *See, e.g., Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 931 (N.D. Ill. 2015) (allegations that plaintiffs "paid more than they would have for the [deceptively advertised product] because of the deception" and that the deception "artificially inflated the price" were sufficient to show actual injury); *see also McDonnell v. Nature's Way Prod., LLC*, No. 16 CV 5011, 2017 WL 1149336, at *3 (N.D. Ill. Mar. 28, 2017) (collecting cases).

The three primary cases cited by Staples, *Camasta, Spector*, and *Benson*, do not persuade the Court to find otherwise. In *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732 (7th Cir. 2014), the plaintiff bought six shirts during a "buy one get two" sale that he thought was temporary, only to find out later that the defendant "advertise[d] normal retail prices as temporary price reductions." *Id*. at 735. Plaintiff, however, "did not claim that he was denied the terms or pricing he saw advertised or that he did not receive the shirts he selected." *Id*. To the contrary, Bonahoom claims he was denied the terms that were advertised, *i.e.* that he did not get 5,000 mAh for $9.99. Unlike Bonahoom, the *Camasta* plaintiff did not claim "that there was anything about the shirts themselves that made them defective or caused him to change his opinion about their value." *Id*. Bonahoom, by contrast, claims that the charger was defective, and that he changed his opinion about its value. To wit, he "would not have purchased [the charger] or would have paid materially less" had he known it only delivered 3,400 mAh. (Dkt. 1, ¶ 23).

14

Likewise, in *Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657 (N.D. Ill. 2016) the court dismissed the complaint because the plaintiff failed to allege an injury. The allegedly deceptive advertisement was a biscuit label stating that the snack provided "4 Hours of Nutritious Steady Energy." As the *Spector* court noted, claims of financial injury under the ICFA are generally upheld if "the complaint also alleged that the plaintiff experienced the product not working." *Id.* at 673. The *Spector* plaintiff failed to allege that the biscuits did not "work" because she "[did] not allege that 'she experienced anything less than several hours of steady energy after consuming' the Products," *Id.* at 672. Bonahoom, by contrast, unequivocally alleged that the Power Bank charger did not work as advertised because it failed to provide 5,000 mAh of power. (Dkt. 1, ¶¶ 28, 29, 31, 32). While the *Spector* court held that "a plaintiff who alleges deceptive advertising about the effectiveness of a product has not suffered an injury if [he] believed the product was effective and never complained to anyone that it did not work," Bonahoom clearly alleges that he *did not* believe the charger was effective, because it did not deliver the power as advertised. *Spector*, 178 F. Supp. 3d at 673 (citations omitted).

Finally, Staples cites *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639 (7th Cir. 2019), in which the Seventh Circuit held that a plaintiff's allegations that she "would not have purchased the [defendant's] candy if [she] had known [about] the amount of slack-fill" in the box were insufficient to satisfy the ICFA's damages element, because the plaintiff did not allege "that the seven ounces of chocolate in the box were worth less than the $9.99 that [she] paid." *Id.* at 648. But

15

the *Benson* court acknowledges that the plaintiffs could have survived a motion to dismiss if she had alleged that (1) the chocolates "were worth less than the $9.99" paid, (2) the chocolates "were defective," "<u>or</u> [(3)] that they could have acquired them for a better price." *Id.* (emphasis added). The key word is "or." Bonahoom did not specifically allege that a 3,400 mAh charger is worth less than $9.99, or that some other retailer was selling chargers a for a better price than 3,400 mAh for $9.99. But he did allege that the charger he bought was defective, insofar as it "failed to provide adequate charging for his cell phone." (Dkt. 1, ¶ 28).

Because Bonahoom has adequately alleged deceptive statements, unfair conduct, and an actual injury, his ICFA claims survive.

### B. Count II: Breach of Express Warranty

To state a claim for breach of express warranty under Illinois state law, Bonahoom must allege (1) the terms of an express warranty, (2) a breach of that warranty, (3) a demand upon the defendant to perform under the terms of the warranty, (4) defendant's failure to perform, (5) his own compliance with the warranty, and (5) damages. *See Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759–60 (N.D. Ill. 2015). Staples argues that Bonahoom failed to adequately plead the terms of any express warranty and failed to make any demands that Staples perform under the terms of a warranty.

#### 1. Express Warranty

Staples argues that Bonahoom "fails to allege that Staples breached any warranty because [he] fails to plausibly allege that his charger did not perform as

16

intended or as stated on the packaging." (Dkt. 18, 2). While Staples argues that Bonahoom's allegations "are contradicted by the actual language of the label" this Court has concluded that the label could plausibly be read by a reasonable consumer to promise 5,000 mAh in power *delivered*, rather than power *stored*. In the cases cited by Staples, express warranty claims failed because ICFA claims failed. Here, Bonahoom's allegations about the existence of an express warranty and the breach of that warranty are adequate for the same reasons his ICFA allegations were adequate. *See, e.g., Spector*, 178 F. Supp. 3d at 674 (dismissing express warranty claim after dismissing ICFA claim).

**2. Demand Requirement**

Illinois has adopted the Uniform Commercial Code's demand requirement as an element of express warranty claims. *See Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 759–60 (N.D. Ill. 2015). The plaintiff must "within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." 810 Ill. Comp. Stat. Ann. 5/2–607. Bonahoom concedes that he did not notify Staples of a warranty breach.

He argues that plaintiffs "may be excused from the pre-litigation notice requirement when [. . .] the defendant had actual knowledge of the product's defect." *Ibarrola*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015). Bonahoom alleges in his Complaint that Staples "possesses specialized knowledge regarding the construction and functionality of its products [and] is thus in a superior position to know about the actual battery capacity of its Power Bank products. As such, [Staples] knew or should

have known that its Power Bank products were not capable of delivering the amount of energy specifically advertised on its product packaging." (Dkt. 1, ¶ 20). This assertion that Staples "knew or should have known" is a "formulaic recitation of the elements" and the Court is not obliged to credit it. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016). The Court is not persuaded that Staples should have known about the alleged defect. *See Hedges v. Earth, Inc.*, No. 14 CV 9858, 2015 WL 1843029, at *2 (N.D. Ill. Apr. 21, 2015) ("even if a manufacturer is aware of problems with a particular product line," an exception to the pre-suit notice requirement only applies if "the manufacturer is somehow apprised of the trouble with the particular product purchased by a particular buyer"). Moreover, the fact that Staples admits in its briefs to knowing that a Power Bank charger *stores* 5,000 mAh is not proof that it knows how much power the charger *delivers*. *Compare Abramov v. Home Depot, Inc.*, No. 17 CV 1860, 2018 WL 1252105, at *4 (N.D. Ill. Mar. 12, 2018) (because defendant argued in its briefs "that its four-by-fours were not 4"x4"" it "admit[ted] knowledge of the alleged defect" and plaintiff "was not required to provide pre-litigation notice of his warranty claims"). Bonahoom does not qualify for an exception to the notice requirement. Count II, which alleges breach of express warranty, is dismissed.

### C. Count III: Magnuson-Moss Warranty Act, 15 U.S.C. § 2301

The Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, creates a federal cause of action for breach of a written warranty arising under state law. Therefore, the requirements are identical to those of the express warranty claim. Since the Court has dismissed Count II, Bonahoom's express warranty count, his federal Magnuson-

Moss Warranty count is dismissed as well. *See Schiesser v. Ford Motor Co.*, No. 16 CV 730, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016) (dismissing §2301 claim where plaintiff failed to properly allege elements of a state law claim for breach of express warranty).

**D. Count IV: Unjust Enrichment**

In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011). Staples argues that its retention of a benefit from the sale of the Power Bank charger was not unjust because Bonahoom has not alleged any misrepresentations or deceptive advertising. *See, e.g., Ware*, 2020 WL 1322852, at *3 (dismissing unjust enrichment claim where ICFA claim failed). But, as the Court has already determined, Bonahoom did plead sufficient facts, taken as true, to show deceptive advertising and unfair conduct under the ICFA. These same allegations support a claim of unjust enrichment. *See Aliano v. Louisville Distilling Co., LLC*, 115 F. Supp. 3d 921, 934 (N.D. Ill. 2015) ("When a claim of unjust enrichment arises out of the same conduct alleged in another claim, [there an ICFA claim for deceptive advertising] the unjust enrichment claim stands or falls with the other claim." citing *Cleary v. Phillip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011)).

## CONCLUSION

For the stated reasons, Defendant's motion to dismiss, (Dkt. 17), is granted in part and denied in part. The motion is denied as to Counts I and IV. Counts II and III are dismissed without prejudice.

E N T E R:

Dated: March 17, 2021

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge