**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PETER BONAHOOM, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:20-cv-01942 |
| v. | ) ) | Hon. Mary M. Rowland |
| TZUMI ELECTRONICS, LLC and STAPLES, INC., | ) ) ) | Magistrate Judge Jeffrey Cole |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT**
**TZUMI ELECTRONICS, LLC'S MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Stephen J. Siegel (#6209054)
*ssiegel@novackmacey.com*
Hannah B. Griffin (#6320708)
*hgriffin@novackmacey.com*
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900

Jeffrey J. Greenbaum (*pro hac vice*)
*jgreenbaum@sillscummis.com*
Joshua N. Howley (pro hac vice)
*jhowley@sillscummis.com*
Sills Cummis & Gross P.C.
1037 Raymond Boulevard
Newark, NJ 07102
(973) 643-7000

## TABLE OF CONTENTS

SUMMARY OF ARGUMENT ...................................................................................1

RELEVANT BACKGROUND ...............................................................................3

    A.    Summary Of Allegations In The FAC ....................................................3

    B.    Relevant Procedural History ..................................................................4

ARGUMENT ...........................................................................................................5

    I.    COUNTS I AND II OF THE FAC FAIL TO STATE A CLAIM BECAUSE THEY ARE BOTH IMPLAUSIBLE .......................................5

    A.    The Disclosures On The Packaging Of The Power Bank That Bonahoom Purchased Renders His Claim of Deception, And Therefore Count I, Implausible .............................................................................................5

    B.    Count I Fails To State A Claim Against Tzumi To Represent Class Members Under "Materially Identical Consumer Fraud Statutes" In All 50 States .................................................................................................7

    C.    Count II For Unjust Enrichment Should Be Dismissed As Against Tzumi ............8

    D.    Bonahoom's Request For Injunctive Relief In Count I Should Be Dismissed ....................................................................................................9

    II.    BONAHOOM LACKS STANDING TO REPRESENT A PROPOSED CLASS AND SUBCLASS AS TO ALL TZUMI POWER BANKS HE DID NOT PURCHASE .........................................10

    III.    THIS COURT LACKS PERSONAL JURISDICTION OVER TZUMI ...............................................................................................13

CONCLUSION.........................................................................................................15

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apex Digital, Inc. v. Sears, Roebuck & Co.*,
  572 F.3d 440 (7th Cir. 2009) ................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................5, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................5, 7

*Benson v. Fannie May Confections Brands, Inc.*,
  No. 17 C 3519, 2018 U.S. Dist. LEXIS 32781 (N.D. Ill. Feb. 28, 2018)................................13

*In re Bridgestone/Firestone, Inc.*,
  288 F.3d 1012 (7th Cir. 2002) ................................................7

*Brodsky v. Aldi Inc.*,
  Case No. 20 C 7632, 2021 U.S. Dist. LEXIS 185436 (N.D. Ill. Sept. 28, 2021)................................11

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
  761 F.3d 732 (7th Cir. 2014) ................................................5, 9

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
  230 F.3d 934 (7th Cir. 2000) ................................................13

*Cleary v. Philip Morris, Inc.*,
  656 F.3d 511 (7th Cir. 2011) ................................................8, 9

*Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*,
  149 F.3d 679 (7th Cir. 1998) ................................................10

*Cowen v. Leny & Larry's, Inc.*,
  No. 17 CV 1530, 2017 U.S. Dist. LEXIS 169929 (N.D. Ill. Oct. 12, 2017) ................................7

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014)................................................14

*Davis v. G.N. Mortg. Corp.*,
  396 F.3d 869 (7th Cir. 2005) ................................................5

*Dowding v. Nationwide Mut. Ins. Co.*,
  490 F. Supp. 3d 1291 (N.D. Ill. 2020) ................................................7

*Flaherty v. Clinique Labs. LLC*,
No. 1:21-cv-03447, 2021 U.S. Dist. LEXIS 219455 (N.D. Ill. Nov. 21, 2021) ...................13

*Goodyear Dunlop Tire Operations, S.A. v. Brown*,
131 S.Ct. 2847 (2011) ...................................................................................................14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984).......................................................................................................14

*In re Herbal Supplements Mktg. & Sales Practices Litig.*,
No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207 (N.D. Ill. May 19, 2017)..............................9

*Hills v. Wells Fargo Bank, N.A.*,
946 F. Supp. 2d 817 (N.D. Ill. 2013) ...................................................................................7

*Hyson USA, Inc. v. Hyson 2U, Ltd.*,
821 F.3d 935 (7th Cir. 2016) .............................................................................................5

*Lee v. City of Chicago*,
330 F.3d 456 (7th Cir. 2003) ...........................................................................................10

*N. Grain Mktg., LLC v. Greving*,
743 F.3d 487 (7th Cir. 2014) ...........................................................................................14

*Pearson v. Target Corp.*,
Case No. 11 CV 7972, 2012 U.S. Dist. LEXIS 187208 (N.D. Ill. Nov. 9,
2012) ............................................................................................................................11

*Porter v. NBTY, Inc.*,
No. 15 CV 11459, 2016 U.S. Dist. LEXIS 163352 (N.D. Ill. Nov. 28, 2016) ......................11

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
338 F.3d 773 (7th Cir. 2003) ...........................................................................................13

*Scherr v. Marriott Int'l, Inc.*,
703 F.3d 1069 (7th Cir. 2013) ...........................................................................................9

*Tamayo v. Blagojevich*,
526 F.3d 1074 (7th Cir. 2008) ...........................................................................................5

*uBID, Inc. v. Godaddy Grp., Inc.*,
623 F3d 421 (7th Cir. 2010) ............................................................................................14

*United Phosphorous, Ltd. v. Angus Chem. Co.*,
322 F.3d 942 (7th Cir. 2003) ...........................................................................................10

**Statutes**

Del. C. § 2501 ..................................................................................................................8

Alaska Stat. § 45.50.531 ...................................................................................................8

Cal Civ Code § 1783 .........................................................................................................8

Illinois Consumer Fraud Act, 815 ILCS 502/1 *et seq.*...................................................1

La. R.S. § 51:1409 .............................................................................................................8

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ..........................................................4

Md. COMMERCIAL LAW Code Ann. § 1301 ................................................................8

Minn. Stat. 541.05 .............................................................................................................8

N.J. Stat. § 56:8-14 ...........................................................................................................8

N.J. Stat. § 56:8-14.3 ........................................................................................................8

N.J. Stat. § 56:8-15 ...........................................................................................................8

Nev. Rev. Stat. Ann. § 11.190 ..........................................................................................8

R.S.Mo. § 516.120 .............................................................................................................8

Tex. Bus. & Com. Code § 17.41 .......................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12(b)(1)..........................................................................................3, 12, 13

Fed. R. Civ. P. 12(b)(2)..........................................................................................3, 13, 15

Fed. R. Civ. P. 12(b)(6).................................................................................... *passim*

Defendant Tzumi Electronics, LLC ("Tzumi"), by its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), and 12(b)(6), respectfully submits this Memorandum in support of its Motion to Dismiss the First Amended Class Action Complaint (the "FAC") filed by Plaintiff Peter Bonahoom ("Plaintiff" or "Bonahoom").

## SUMMARY OF ARGUMENT

Plaintiff alleges in the FAC that he was deceived in connection with the purchase at Defendant Staples, Inc. ("Staples") of a power bank to charge his cell phone that Tzumi had distributed to Staples. He seeks to represent a putative class of all individuals within the United States, under the unspecified laws of 50 states, who purchased any power bank distributed by Tzumi, on dates within those states' varying statutes of limitation. Bonahoom also proposes a subclass of purchasers of any Tzumi-distributed powers banks bought at Staples. As a result of pleading deficiencies as well as jurisdictional defects, the FAC fails in whole or in part against Tzumi and should be dismissed.

*First*, as to his pleading deficiencies, Bonahoom has not alleged plausible facts in the FAC that he was deceived or misled in connection with the purchase of the Staples-branded power bank that Tzumi distributed. As a result, his claim under the Illinois Consumer Fraud Act, 815 ILCS 502/1 *et seq.* ("ICFA") (Count I) fails and should be dismissed under Fed. R. Civ. P. 12(b)(6). The packaging on the power bank Bonahoom actually purchased establishes that he could not have been deceived. It separately displays both the battery *capacity* as well as the device *output* (a fact Staples overlooked on its prior motion). Specifically, the packaging displays the battery capacity of 5,000 mAh, the device output of "2.4 amp power output for fast charging", and the maximum number of charges a consumer can reasonably expect to get from the charger ("up to 2x charges," "based upon published data for the iPhone7," and acknowledging that the number of charges can

vary by device). No reasonable consumer would or could be deceived or misled by these disclosures.

*Second*, Plaintiff has not pled plausible factual allegations to allow him to represent a nationwide class of purchasers of Tzumi-distributed power banks under the unspecified laws of 50 states. He has not identified the various state laws involved, or their elements, or their varying statutes of limitation, or how they are otherwise similar to or different from the ICFA. As a matter of pleading, there is no way for Tzumi to respond to such conclusory allegations. In addition, as a matter of class action law, the Court should determine now, based on the differences in the 50 states' consumer protection laws, that those laws are materially different, and a nationwide class action is unmanageable as a result.

*Third*, Plaintiff's claim for unjust enrichment against Tzumi (Count II) should be dismissed under Fed. R. Civ. P. 12(b)(6). The FAC specifically pleads that Bonahoom purchased the Staples-brand power bank that Tzumi distributed to Staples at a Staples store in Chicago. (FAC ¶¶ 29-33). Plaintiff does not plead that he paid anything to Tzumi. Accordingly, Tzumi has not received a benefit as a direct result of Plaintiff's purchase from Staples, and therefore his unjust enrichment claim against Tzumi should be dismissed.

*Fourth*, Plaintiff's request for injunctive relief against Tzumi should be dismissed under Fed. R. Civ. P. 12(b)(6). The FAC shows the power banks' *output* will not be the same as the *capacity* listed on the packaging. In any case, Plaintiff is already aware of the allegedly deceitful packaging. Moreover, the FAC does not allege that Bonahoom intends to purchase another power bank that Tzumi distributed. For each of these reasons, Bonahoom's request for injunctive relief should be dismissed under well-settled case law.

*Fifth*, as to the FAC's jurisdictional defects, Plaintiff lacks Article III standing to represent the new overbroad proposed class and subclass of purchasers of Tzumi power bank products he

did *not* purchase. He pleads that he purchased a Staples-branded power bank at Staples that Tzumi distributed. (FAC ¶¶ 29-33). Unlike the original Complaint's focus on Staples-branded power banks, Plaintiff now expands his proposed class to all power banks sold in the United States that Tzumi distributed. Under certain case law, including in this District, Plaintiff cannot represent unnamed class members concerning products he did not purchase. If, however, the Court chooses to follow a different line of cases invoking the "substantially similar" test—as the Court did in its Opinion deciding Staples' motion to dismiss—Plaintiff still lacks standing because the representations and packaging of Tzumi's non-Staples brand power banks are not substantially similar to the power bank Plaintiff bought. *See* Declaration of Joseph Castelli ("Castelli Decl."). Under either test, Plaintiff's attempt to represent purchasers of any non-Staples brand power banks that Tzumi distributed should be dismissed under Fed. R. Civ. P. 12(b)(1).

*Sixth*, Tzumi should be dismissed outright under Fed. R. Civ. P. 12(b)(2) because this Court does not have personal jurisdiction over it. The FAC fails to adequately plead facts establishing that Tzumi has sufficient minimum contacts with Illinois for it to reasonably anticipate being haled into court here. Moreover, as shown in the Declaration of Abraham Weinberger ("Weinberger Decl."), Tzumi does not have minimum contacts with Illinois.

For some or all of the foregoing reasons, Tzumi's motion should be granted.

## RELEVANT BACKGROUND

### A. Summary Of Allegations In The FAC

In the FAC, Bonahoom seeks to certify "a Class and Subclass of individuals who purchased Tzumi's portable charging products, including Staples' 'Power Bank' brand of portable chargers distributed to Staples by Tzumi, to seek redress for Defendants' false, misleading, and deceptive advertising of their portable charger products." Specifically, the FAC alleges that Tzumi and Staples falsely advertised the battery capacity of their power banks. It alleges the specified internal

"battery capacity" is advertised on the packaging (FAC ¶ 3), but the device delivers 30% less "charge" or "charging power" than its advertised "battery capacity." (*Id.* ¶¶ 5, 22, 32, 36). The FAC further alleges the advertising of the "battery capacity" is somehow deceptive because it falsely informs consumers as to what amount of "energy" can be delivered by their power banks. (*Id.* ¶¶ 3, 18). As a result, Bonahoom, on behalf of himself and the proposed class, seeks to recover damages, restitution, and injunctive relief against Tzumi and Staples.

### B. <u>Relevant Procedural History</u>

Bonahoom commenced this putative class action against Staples, only, limited to all power banks sold under the Staples brand name. (ECF # 1). In March 2021, the Court granted Staples' motion as to Counts II and III without prejudice and denied it as to Counts I and IV. (ECF # 30). As to Count I (violation of the ICFA), the Court ruled that Bonahoom has standing to assert state law claims on behalf of a nationwide class of all purchasers of all models of Staples' "Power Bank" products," and that Bonahoom sufficiently pled deception as to "5,000 mAh" (but not as to "Up to 2x"), unfair conduct, and an actual injury. The Court dismissed Counts II (breach of express warranty) and III (violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301) due to Bonahoom's failure to make a pre-suit demand. Lastly, the Court determined that Count IV (unjust enrichment) sufficiently stated a claim.

In September 2021, Bonahoom filed the FAC (ECF # 45), in which he added Tzumi as a defendant and greatly expanded the proposed class to now include all purchasers of Tzumi power banks anywhere in the United States, regardless of the product name or type, the outlet from which the device was purchased, or how it was packaged.

## ARGUMENT

I. **COUNTS I AND II OF THE FAC FAIL TO STATE A CLAIM BECAUSE THEY ARE BOTH IMPLAUSIBLE**

### A. The Disclosures On The Packaging Of The Power Bank That Bonahoom Purchased Renders His Claim of Deception, And Therefore Count I, Implausible

Bonahoom's claim that Tzumi violated the ICFA should be dismissed under Fed. R. Civ. P. 12(b)(6). To survive this motion, Bonahoom must allege facts sufficient to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate if the factual allegations, accepted as true, do not state a facially plausible claim for relief. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, although the court must accept well-pleaded factual allegations, it is not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

To state a claim against Tzumi under the ICFA, Bonahoom must plausibly allege "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely upon the deceptive or unfair practice; [] (3) that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce" and (4) that he suffered "actual damage." *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014). In determining what constitutes a deceptive practice, a court should look to its potential effect on a "reasonable consumer." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005).

Here, Bonahoom has not—and cannot—plausibly allege a deceptive statement or unfair conduct by Tzumi based upon the unambiguous disclosures made on the packaging of the Staples' power bank he purchased. The Court previously denied Staples' motion seeking to dismiss the

5

allegations that the 5,000 mAh representation was deceptive. But Staples did not point out that the packaging actually disclosed the device output, and the FAC now makes clear that Plaintiff understood that "5,000 mAh" refers to the device's battery capacity. (FAC ¶ 3).

Specifically, the packaging on the power bank Bonahoom bought, identified in the FAC (¶ 30), displays three things a reasonable consumer would want to know when purchasing a power bank: the battery capacity; the output of the device; and the maximum number of charges the consumer can expect to receive. The actual packaging of the model Plaintiff identified is Exhibit 1 to the Castelli Declaration. It unambiguously discloses the battery capacity of 5,000 mAh, the device output of "2.4 amp power output for fast charging," and the maximum number of charges a consumer can expect from the device ("up to 2x charges," "based upon published data for the iPhone7", and acknowledging the number of charges can vary by device).

The FAC alleges that consumers are led to believe that the battery's capacity is the same as the device's output (¶¶ 3, 18, 22, 32), but the actual output is separately disclosed. No reasonable consumer would or could believe that a battery capacity of 5,000 mAh is the same as the disclosed 2.4 amp power output. Plaintiff's claim for deception is implausible.[1]

Bonahoom had more than sufficient information to make an informed decision about whether or not to purchase the power bank. Tzumi's disclosures were not deceptive to a reasonable consumer nor did Tzumi engage in unfair conduct. The FAC's contrary allegations are not plausible. Count I should be dismissed as against Tzumi for failure to state a claim.

---

[1]     The FAC (¶¶ 31, 34) also implausibly re-alleges that the statement "up to 2x charges" is deceptive. The Court already dismissed that allegation. (ECF # 30, pp. 11-12).

B.    **Count I Fails To State A Claim Against Tzumi To Represent Class Members Under "Materially Identical Consumer Fraud Statutes" In All 50 States**

Bonahoom's attempt to represent class members of all 50 states should be dismissed under Fed. R. Civ. P. 12(b)(6). Again, in order to state a claim for relief against Tzumi, Bonahoom must allege facts sufficient to state a claim under the purportedly "materially identical" consumer fraud statutes in all 50 states. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

Count I makes no effort to identify the applicable statutes and plead their elements, much less demonstrate that they are identical to the ICFA. There is no way for Tzumi to respond to such conclusory allegations. The claims under any state's laws besides the ICFA should be dismissed.

The Seventh Circuit, in *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1015 (7th Cir. 2002), recognized that "[n]o class action is proper unless all litigants are governed by the same legal rules." Further, "[Rule 23's] text plainly indicates that the court may decide to reject a plaintiff's attempt to represent a class as soon as it become obvious that the plaintiff will be unable to satisfy Rule 23." *Hills v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013). Thus, the Court is permitted to "address class allegations at the pleading stage only where the pleadings are facially defective or inherently deficient." *Dowding v. Nationwide Mut. Ins. Co.*, 490 F. Supp. 3d 1291, 1298 (N.D. Ill. 2020) (citation omitted). "Most often it will not be 'practicable' for the court to do that at the pleading stage, but sometimes the complaint will make it clear that class certification is inappropriate." *Hills*, 946 F. Supp. 2d at 829.

In comparable circumstances, Judge Gettlemen dismissed—on a motion to dismiss—plaintiff's attempt to represent a nationwide class. "Defendant argues persuasively that applying warranty, unjust enrichment, and misrepresentation laws of fifty ***different*** states, or even the five states that comprise the ***multi-state class***, is unmanageable on a class-wide basis because those states' laws conflict in material ways; that is, the 'essential requirements to establish a claim and

7

the types of relief or remedies available' vary significantly." *Cowen v. Leny & Larry's, Inc.*, No. 17 CV 1530, 2017 U.S. Dist. LEXIS 169929, at *11-12 (N.D. Ill. Oct. 12, 2017) (emphasis in original) (quoting *In re Fluidmaster, Inc. Water Connector Components Prods. Liab. Litig.*, No. 14-cv-5696, MDL No. 2575, 2017 U.S. Dist. LEXIS 48792, at *39 (N.D. Ill. Mar. 31, 2017)).

This reasoning applies fully here. The FAC does not plead anything—let alone plausible factual allegations—relating to any other states' consumer protection laws. And there is no question that the consumer protection statutes of 50 different states vary in material ways.[2] *See Young v. Mophie, Inc.*, SACV 19-827 JVS (DFMx), __ F. Supp. 3d __, 2019 U.S. Dist. LEXIS 179336, at *13 (C.D. Cal. Oct. 9, 2019) (in power bank class action, granting defendant's motion to dismiss class plaintiff's attempt to represent nationwide class due to variance of states' laws).

Under Fed. R. Civ. P. 12(b)(6), Bonahoom's claims should be limited to Illinois law.

## C. Count II For Unjust Enrichment Should Be Dismissed As Against Tzumi

If Bonahoom's claim under the ICFA is dismissed, then his unjust enrichment claim must fail because it rests on the same alleged misconduct. (ECF # 30, p. 19). "[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (citations omitted) (affirming dismissal of unjust enrichment claim after ICFA claim was dismissed).

---

[2]  By way of example only, the statutes of limitation vary from one year to six years. *Compare* Louisiana, La. R.S. § 51:1409 (one year), with Alaska, Alaska Stat. § 45.50.531 (two years after discovery), *with* California, Cal Civ Code § 1783 (three years), *with* Nevada, Nev. Rev. Stat. Ann. § 11.190 (four years), *with* Missouri, § 516.120 R.S.Mo. (five years), *with* Minnesota, Minn. Stat. 541.05 (six years). When elderly or disabled persons are involved, some states allow for civil or enhanced penalties or punitive damages, *e.g.* Arkansas (A.C.A. § 4-88-202; A.C.A. § 4-88-203, A.C.A. § 4-88-204) Montana (30-14-144, MCA), New Jersey (N.J. Stat. § 56:8-14; N.J. Stat. § 56:8-15, N.J. Stat. § 56:8-14.3), or New York (NY CLS Gen Bus § 349-c), whereas some, like Alabama (Code of Ala. § 8-19-1), Delaware (Del. C. § 2501), Maryland (Md. COMMERCIAL LAW Code Ann. § 13-301, and Texas (Tex. Bus. & Com. Code § 17.41), do not.

But even if the ICFA claim is not dismissed, the unjust enrichment claim still fails. In Illinois, "[t]o state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Id.* at 516. Bonahoom alleges Tzumi distributed the subject power bank to Staples, which then sold it to Bonahoom. (FAC ¶ 30). Bonahoom does not allege, however, that he paid any money to Tzumi; to the contrary, he confirms he paid Staples. (*Id.* ¶ 31). Thus, Tzumi has not unjustly retained a benefit to Plaintiff's detriment, nor is there any retention of benefits that could violate the fundamental principles of justice, equity, and good conscience. Count II fails.

### D.     **Bonahoom's Request For Injunctive Relief In Count I Should Be Dismissed**

As part of Count I, Bonahoom claims he is entitled to "injunctive relief prohibiting Defendants' unfair and deceptive advertising going forward[.]" (FAC ¶ 57). This request for injunctive relief should be dismissed.

Once a consumer fraud plaintiff is aware of allegedly deceptive information, he or she must offer more than conjecture of future harm to receive an injunction. To establish standing for injunctive relief, Bonahoom "must allege a 'real and immediate' threat of future violations of their rights." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013); *see also In re Herbal Supplements Mktg. & Sales Practices Litig.*, No. 15-cv-5070, 2017 U.S. Dist. LEXIS 76207, at *33-37 (N.D. Ill. May 19, 2017). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Camasta*, *supra*, 761 F.2d at 740.

Bonahoom alleges he purchased one power bank at Staples and was deceived by the packaging. Plaintiff does not allege in the FAC that he intends to purchase another power bank manufactured by Tzumi in the future. Given that he is already aware of the alleged deceitful packaging, Bonahoom's request for injunctive relief should be dismissed.

## II.   BONAHOOM LACKS STANDING TO REPRESENT A PROPOSED CLASS AND SUBCLASS AS TO ALL TZUMI POWER BANKS HE DID NOT PURCHASE

In August 2018, at a Staples store in Chicago, Bonahoom alleges he purchased a "Staples Slim Power Bank 5,000 mAh" portable charger, model #53065, for $9.99.  (FAC ¶¶ 29-32). Bonahoom thus purchased a power bank "that Tzumi distributed to Staples under Staples' private Power Bank brand."  (*Id.* ¶ 30).  Nevertheless, he seeks to represent a proposed class of "[a]ll persons in the United States who purchased any portable chargers product distributed by Tzumi Electronics, LLC within the applicable statute of limitations within the United States[,]" with a proposed Subclass of those who purchased such products at Staples.  (*Id.* ¶ 40).  Thus, he seeks to represent all purchasers who purchased Tzumi products under the Tzumi brand name or any other name.

In its Opinion deciding Staples' motion to dismiss, the Court determined that the question of whether Bonahoom has standing to represent a nationwide class against Staples was best left for the class certification stage.  (ECF # 30, pp. 6-7) ("Questions concerning Rule 23 requirements are best left for another day.")  However, Tzumi respectfully submits several reasons why this finding should not apply to the substantially broadened class of products and purchasers whom Plaintiff now proposes to represent against Tzumi.  First, the Court analyzed standing as against Staples based upon the face of the pleading, whereas Tzumi now submits with this motion facts that go beyond the face of the FAC, namely evidence of certain other non-Staples branded Tzumi power bank labels.[3]  (*See* Castelli Decl.)  Second, in the original Complaint, Plaintiff sought to

---

[3]     Tzumi presents a factual challenge to standing.  "Factual challenges, however, attack the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and the court may view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists."  *United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  Once such evidence is proffered, "[t]he presumption of correctness that we accord to a complaint's allegations falls away," *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998), and the plaintiff bears the burden of coming forward

represent a nationwide class of purchasers of Staples-brand power banks only, whereas Plaintiff in the FAC seeks to represent a nationwide class of purchasers of all Tzumi-distributed power banks, whether sold under the Staples private brand or otherwise. Third, Tzumi is relying upon new case law not presented on Staples' motion.

On this motion, "plaintiff bears the burden of establishing standing." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) (citations omitted). "To establish Article III standing, Bonahoom must show that he has suffered a concrete and particularized injury that is both traceable to defendant's conduct and likely to be redressed by a favorable decision." (ECF # 30) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Since the Court's Opinion on Staples' motion to dismiss, in *Brodsky v. Aldi Inc.*, Case No. 20 C 7632, 2021 U.S. Dist. LEXIS 185436 (N.D. Ill. Sept. 28, 2021), Judge Gettleman dismissed a class plaintiff's attempt to assert claims on behalf of unnamed class members concerning coffee products they did not purchase. He first noted that the law as to whether an individual has standing to represent putative class members for products that he or she did not purchase is unsettled. *Id.* at *6-7. He then declined to adopt the substantial similarity test, and ruled that a class plaintiff is unable to represent putative class members for products he or she did not purchase because "a person cannot predicate standing on an injury which he does not share." *Id.* at *7 (quoting *Cowen*, 2017 U.S. Dist. LEXIS 169929, at *3); *see Porter v. NBTY, Inc.*, No. 15 CV 11459, 2016 U.S. Dist. LEXIS 163352, at *3 (N.D. Ill. Nov. 28, 2016) ("Plaintiffs cannot establish an injury-in-fact caused by products plaintiffs did not purchase so there is no case or controversy with respect to these products."); *Pearson v. Target Corp.*, Case No. 11 CV 7972, 2012 U.S. Dist. LEXIS 187208,

---

with competent proof that standing exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

at *1 (N.D. Ill. Nov. 9, 2012) ("[H]ow could he possibly have been injured by representations made on a product he did not buy?").

Following this reasoning, the Court should dismiss Bonahoom's attempt to represent putative class members who did not purchase Staples' 'Power Bank' brand of power banks distributed to Staples by Tzumi pursuant to Fed. R. Civ. P. 12(b)(1) due to a lack of standing.

However, even under the "substantial similarity" test, Bonahoom still lacks standing to represent putative class members who purchased any products beyond Staples' private Power Bank brand that Tzumi distributed. (ECF # 30, pp. 4-7). Bonahoom does not plead—nor could he—that the alleged misrepresentations contained on the packaging of every power bank that Tzumi has distributed within the United States within the applicable statutes of limitation are substantially similar to the alleged misrepresentations on the packaging of the power bank he purchased.

In fact, they are not substantially similar. Tzumi sells many different types of power banks under different names with different packaging. (Castelli Decl., ¶ 5). For example, under its own Tzumi brand, Tzumi sold Tzumi item No. 5731, a flashlight pocket charger, named an "Alpha Pocket Charger" to Staples between September 2018 and December 2018. (*Id.*) The packaging is not similar at all to the packaging on the Staples Slim Power Bank, Tzumi item No. 53065, which Bonahoom purchased. (*Compare id.*, Ex. 1, the packaging of the power bank Bonahoom purchased, *with id.*, Exs. 2 and 2A). In particular, the front of the packaging discloses the Battery as 3.7v 2600 mAh, the Input: DC 5V/1A and the Output: DC 5V/1A. (*Id.*, Exs. 2 and 2A).

Tzumi also sold Tzumi item No. 2660, a Tzumi "Pocket Juice" portable charger, to Staples in August 2016. (*Id.*, ¶ 6). Again, the packaging is not substantially like the packaging of Bonahoom's Staples Slim Power Bank, Tzumi Model No. 53065. (*Compare id.*, Ex. 1, *with id.*, Ex. 3). The front of the 2660 packaging clearly indicates the product's "specifications" as follows:

"Specifications: Capacity 2200 mAh • Battery Lithium ion • Input/Output 5V/1A", with arrows to the battery and output parts of the device. It also indicates up to 1.5 extra charges. (*Id.*, Ex. 3).

Another example of a product with different packaging sold to Staples is Tzumi item No. 4018, a Pocket Juice portable charger. This item was sold to Staples in March 2016. (*Id.*, ¶ 7). In the same location, the packaging discloses the number of possible charges, the battery capacity, and the maximum output: "up to 2x, 4000 mAh, 1A Max Output." (*Id.*, Ex. 4). All three examples were sold with the class period alleged. None were sold by Staples under its Staples Power Bank brand name.

In *Benson v. Fannie May Confections Brands, Inc.*, No. 17 C 3519, 2018 U.S. Dist. LEXIS 32781 (N.D. Ill. Feb. 28, 2018), Judge Ellis ruled that the class plaintiffs did not have standing to represent unnamed purchasers of eight other candy products they did not purchase. "Beyond being candies sold by Fannie May, the Products are not similar enough to grant standing to Plaintiffs who did not purchase them and thus were not harmed by any alleged mislabeling of those products." *Id.* at *16; *see Flaherty v. Clinique Labs. LLC*, No. 1:21-cv-03447, 2021 U.S. Dist. LEXIS 219455, at *9-15 (N.D. Ill. Nov. 21, 2021) (finding products not substantially similar).

Under either test, Bonahoom lacks standing to represent any purchasers beyond those of Staples' private Power Bank brand under Fed. R. Civ. P. 12(b)(1).

## III. THIS COURT LACKS PERSONAL JURISDICTION OVER TZUMI

Bonahoom's claims against Tzumi should be dismissed in their entirety pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Plaintiff "bears the burden of demonstrating personal jurisdiction." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000). This requires Bonahoom to "go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction" where, as here, Tzumi has

"submitted affidavits or other evidence in opposition to the exercise of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

Here, Bonahoom cannot establish either general or specific jurisdiction sufficient to establish personal jurisdiction over Tzumi. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). General jurisdiction is established only where the defendant has "continuous and systematic contacts with a state." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 492 (7th Cir. 2014) (internal quotation and citation omitted), such that the defendant "can be treated as present in the state for essentially all purposes." *uBID, Inc. v. Godaddy Grp., Inc.*, 623 F3d 421, 425-26 (7th Cir. 2010). As to an LLC like Tzumi, general jurisdiction only exists if the entity is formed in the state or has its principal place of business in the state. *Daimler AG v. Bauman*, 134 S.Ct. 746, 757 (2014); *Goodyear Dunlop Tire Operations, S.A. v. Brown*, 131 S.Ct. 2847, 2853-54 (2011). Here, the FAC pleads that Tzumi is a New York limited liability company (FAC ¶ 10), and Tzumi's principal place of business is in New York. (Weinberger Decl., ¶ 2). Thus, there is no general jurisdiction.

Bonahoom also cannot show that specific jurisdiction over Tzumi is appropriate. Specific jurisdiction requires that a defendant's contacts with the forum state "directly relate to the challenged conduct or transaction." *Greving*, 743 F.3d at 492. Courts apply a three-part analysis in determining whether specific jurisdiction exists: (1) the defendant must have "purposefully availed himself of the privilege of conducting business in the [forum] state" or "purposefully directed his activities in the forum state"; (2) "the alleged injury [must have] arise[n] out of the defendant's forum-related activities"; and (3) "[t]he exercise of jurisdiction must comport with traditional notions of fair place and substantial justice." *Id.* (citing *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010)). The purposeful availment requirement "ensures that a defendant's amenability to jurisdiction is not based on 'random, fortuitous, or attenuated contacts,' but on

contacts that demonstrate a real relationship with the state with respect to the transaction at issue" *Greving*, 743 F.3d at 492-93 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Bonahoom has failed to alleges facts showing that Tzumi has any meaningful connection to Illinois. The sole allegation in the FAC as to personal jurisdiction is as follows: "This Court has personal jurisdiction over Defendant Tzumi because Tzumi transacts business in Illinois and because a substantial part of the events giving rise to Plaintiff's claim occurred in Illinois, as Plaintiff purchased one of Tzumi's Staples' branded chargers in Illinois." (FAC ¶ 12). Tzumi, however, has no offices or warehouses in Illinois. (Weinberger Decl., ¶ 4). When Tzumi distributes products to Staples, it ships them to Staples' centrally located warehouses, none of which are located in Illinois. *Id.* The private labeled product involved in this case was shipped to one of four Staples warehouses in the United States, none of which is located in Illinois. *Id.* Tzumi also does not ship its products to any other retailer's warehouses located in Illinois. *Id.* Thus, there is no specific jurisdiction over Tzumi. Accordingly, the FAC should be dismissed as against Tzumi under Fed. R. Civ. P. 12(b)(2) due to a lack of personal jurisdiction.

## **CONCLUSION**

WHEREFORE, for all of the foregoing reasons, Defendant Tzumi Electronics, LLC respectfully requests that the Court enter an Order: (a) granting its Motion to Dismiss; (b) dismissing the First Amended Class Action Complaint; and (c) granting it such other and further relief as is appropriate.

Respectfully submitted,

**NOVACK AND MACEY LLP**

By: */s/ Stephen J. Siegel*
    Stephen J. Siegel
    Hannah B. Griffin

**SILLS CUMMIS & GROSS, P.C.**

By: */s/ Jeffrey J. Greenbaum*
    Jeffrey J. Greenbaum
    *(admitted pro hac vice)*
    Joshua N. Howley
    *(admitted pro hac vice)*

    *Attorneys for Defendant*
    *Tzumi Electronics, LLC*

Dated:  December 20, 2021